UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW CORZINE,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>RENEE BAKER, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 3:13-cv-00119-MMD-VPC<br><br>ORDER |

Petitioner has submitted an application to proceed *in forma pauperis* (dkt. no. 5) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denies the application because petitioner already has paid the filing fee. The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the Court should not dismiss this action as untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). *See also* Nev. R. App. P. 4(b). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace*, 544 U.S. at 418). The court can raise the issue of timeliness on its own motion. *Day v. McDonough,* 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

In state district court, petitioner pleaded guilty to one count of attempted sexual assault. That court entered an amended judgment of conviction on August 2, 2007.[1] Petitioner did not appeal the judgment. Taking a weekend and the Labor Day holiday into account, the judgment became final on September 4, 2007. The Court takes judicial notice of the Nevada Supreme Court's docket in *Corzine v. State*, No. 57408.[2] On July 27, 2010, petitioner filed a habeas corpus petition in the state district court. That court denied the petition, and petitioner appealed. The Nevada Supreme Court

---

[1] In the appeal from the denial of a state habeas corpus petition, discussed below, the Nevada Supreme Court noted that the original judgment was entered on February 5, 2007. The Nevada Supreme Court used the date of the original judgment in its calculations. This Court will use the amended judgment in its calculations because it does not know why the state district court entered an amended judgment.

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=25553 (last visited May 9, 2013).

affirmed on May 9, 2011, holding that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726. Remittitur issued on June 3, 2011. On December 29, 2011, petitioner filed in the state district court a motion to withdraw his plea. The state district court denied the motion, and petitioner appealed. The Court takes judicial notice of the Nevada Supreme Court's docket in *Corzine v. State*, No. 60106.[3] The Nevada Supreme Court affirmed on October 8, 2012, holding that laches barred consideration of petitioner's motion. The Nevada Supreme Court denied rehearing on December 12, 2012. The Nevada Supreme Court denied *en banc* reconsideration on January 25, 2013. Remittitur issued on February 19, 2013. Petitioner does not give the exact date when he mailed his federal habeas corpus petition to this Court, but the Court received it on March 11, 2013.

On its face, this action is untimely. Assuming that the amended judgment of conviction is the controlling judgment, it became final with the expiration of time to appeal, on September 4, 2007. Petitioner filed nothing in state court in the following year. The federal period of limitation expired before petitioner filed his state habeas corpus petition and his plea-withdrawal motion. Even if the petition and the motion were properly filed for the purposes of 28 U.S.C. § 2244(d)(2), there was no time left for them to toll.[4] *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). This Court did not receive the federal habeas corpus petition until four and a half years after the federal period of limitation had expired. Petitioner will need to show cause why the Court should not dismiss the action as untimely.

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* (dkt. no. 5) is DENIED as moot.

///

---

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=28269 (last visited May 9, 2013).

[4] The state habeas corpus petition certainly did not qualify for the statutory tolling of § 2244(d)(2), because it was untimely. *Pace,* 544 U.S. at 418.

3

IT IS FURTHER ORDERED that the Clerk of the Court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the Court should not dismiss this action as untimely. Failure to comply with the Court's order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the Clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the Clerk shall electronically serve upon respondents a copy of the petition and a copy of this order. No response by respondents is necessary.

DATED THIS 23rd day of May 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE