1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9

MATTHEW CORZINE,

Case No. 3:13-cv-00119-MMD-VPC

10

Petitioner,

ORDER

11

v.

RENEE BAKER, et al.,

12

Respondents.

13

14       The Court directed petitioner to show cause why the Court should not dismiss

15   this action as untimely. Order (dkt. no. 8). Petitioner has submitted a response (dkt. no.

16   11). After considering the response and the claims in the petition to which the response

17   refers, the Court is not persuaded. The Court will dismiss this action.

18   I.     START OF THE PERIOD OF LIMITATION

19       Petitioner argues that his judgment of conviction did not become final for the

20   purposes of 28 U.S.C. § 2244(d)(1)(A), until the Nevada Supreme Court issued its

21   remittitur from the appeal of the denial of petitioner's motion to withdraw his guilty plea.

22   That remittitur issued on February 19, 2013. Consequently, petitioner argues, the

23   petition, which the Court received on March 11, 2013, was well within the one-year

24   period of limitations.

25       Petitioner misstates the effect that a motion to withdraw the guilty plea has upon

26   the period of limitations. Such a motion is a collateral attack upon a judgment of

27   conviction, and thus it is eligible for tolling under 28 U.S.C. § 2244(d)(2). *See Wall v.*

28   *Kholi,* 131 S. Ct. 1278 (2011). However, the motion is not part of the proceedings on

direct review, and it does not affect the finality of the judgment of conviction.  The Court has noted that the judgment of conviction became final on September 4, 2007, with the expiration of the time to appeal the amended judgment of conviction.  Petitioner filed the motion to withdraw his guilty plea on December 29, 2011. By that time, the one-year period of § 2244(d)(1) had expired, and there was nothing left to toll.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

## II.     ACTUAL INNOCENCE

Next, petitioner argues that he is actually innocent.  Actual innocence can excuse operation of the statute of limitations.  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id.* (*quoting Schlup v. Delo*, 515 U.S. 298, 329 (1995)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In a case involving a guilty plea, the evidence must show actual innocence of the charges dropped in exchange for the plea, as well as the charges to which the defendant pleaded guilty.  *Id.* at 624.

The Court has constructed petitioner's argument for actual innocence from his response (dkt. no. 11), ground 1 of his petition (dkt. no. 9), and excerpts of the transcript of his sentencing hearing attached to the petition.  Petitioner was mentally ill, and he was housed in a treatment facility that was limited to youth.  He was released from that facility when he became too old, and he joined the Army to find discipline and treatment. His fellow soldiers were scared of him, tied him to a chair, gagged him, and beat him up. He called a detective, who had been working with him on a case of his stepfather sexually abusing him, and told the detective that he had been raping his wife. This confession was untrue, but petitioner was hoping that the detective would arrest him and get him out of the Army. Petitioner realized that he needed somebody to corroborate his story.  He told his wife that he had sexual relations with her best friend,

2

1  and she went to the detective with a complaint that he had been raping her.  Petitioner

2  was arrested and charged with many counts of sexual assault.  Counsel told the court

3  that he was ready to go to trial, but that petitioner would need to testify.  Counsel was

4  afraid that petitioner would make a mistake in his testimony, that the jury would find him

5  guilty, and that petitioner would go to prison for the rest of his life. Counsel instead

6  persuaded petitioner to plead guilty to five counts of attempted sexual assault in the

7  hopes that the court would put petitioner on probation. The court declined.

8         The first problem with this argument for actual innocence is that it is not reliable.

9  Counsel's explanation of events is bizarre, with a series of inexplicable and self-

10  defeating decisions by petitioner.  Furthermore, petitioner's statement in the petition that

11  his fellow soldiers beat the confession out of him is contrary to counsel's explanation

12  that petitioner went to a detective with a lie to keep soldiers from beating him because

13  of his mental illness. Inconsistencies such as these make the argument unreliable.

14         The second problem is that petitioner has presented nothing new. This is not a

15  case in which petitioner had evidence of actual innocence that was available to him, or

16  even in which petitioner had evidence of actual innocence within his knowledge. The

17  evidence of petitioner's actual innocence is his own recollection of events. Through his

18  counsel, he presented this evidence to the state district court in an argument for that

19  court to give him probation. The state district court was not persuaded and sentenced

20  petitioner to prison. Petitioner chose not to testify and not to subject his testimony to

21  cross-examination.  Now, after his strategy did not obtain the desired results, and after

22  all these years, petitioner wants to try another strategy.  The Court cannot say that there

23  was a miscarriage of justice when it was petitioner's decision not to present that

24  evidence at trial.

25  **III.     EQUITABLE TOLLING**

26         Petitioner argues that the Court should equitably toll the statute of limitations

27  because of his efforts to obtain the transcripts of his proceedings. "[A] 'petitioner' is

28  'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights

1  diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

2  timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010) (*quoting*

3  *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). Petitioner notes that between the

4  finality of his judgment of conviction and the commencement of his state habeas corpus

5  petition, he had filed in the state district court motions for the transcripts of the

6  proceedings. The state district court granted the first motion, but petitioner still did not

7  obtain the transcripts. The state district court denied the subsequent motions. These

8  motions do not qualify for statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) because

9  they were not petitions for post-conviction or other collateral review. As far as equitable

10  tolling is concerned, the Court is not convinced that the lack of transcripts prevented

11  petitioner from timely filing a federal habeas corpus petition. None of the grounds in the

12  petition require petitioner to refer to transcripts. Ground 1, a claim of actual innocence,

13  is based upon his own recollection of events before he was arrested. Ground 2, a claim

14  that counsel gave poor advice to plead guilty, is not based on any court hearing.

15  Ground 3 is a claim that the trial court erred in accepting petitioner's plea of guilty while

16  petitioner maintained his innocence. As with ground 1, this ground is based largely

17  upon petitioner's recollection of events before he was arrested.[1] Grounds 4 and 5 are

18  based upon errors in petitioner's state-court motion to withdraw his plea. That motion

19  was filed after he tried to obtain transcripts. Consequently, the lack of transcripts did

20  not prevent petitioner from filing a timely federal habeas corpus petition.

21  **IV.    CAUSE AND PREJUDICE**

22      Petitioner argues that cause and prejudice exist to excuse the operation of the

23  statute of limitations. Petitioner describes a procedure that is inapplicable to untimely

24  federal habeas corpus petitions. A person can use cause and prejudice to argue why a

25  federal court should reach the merits of a procedurally defaulted claim. A claim is

26  procedurally defaulted in federal court if the decision of the state court regarding that

27

28  [1]Pleading guilty while maintaining innocence is constitutional and an acceptable strategic decision. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

4

1  claim rested on a state-law ground that is independent of the federal question and
2  adequate to support the judgment.   *Coleman v. Thompson*, 501 U.S. 722, 730-31
3  (1991). In petitioner's case, there is no procedural default. The Court has not
4  determined that it cannot reach the merits of petitioner's claims due to state-court
5  applications of state law. Rather, the Court has determined that the federal habeas
6  corpus petition is untimely because of application of federal law, 28 U.S.C. § 2244(d).
7  Other than showing that the Court's calculations are incorrect, and petitioner has not,
8  petitioner can be excused from filing an untimely petition only by showing that equitable
9  tolling is warranted or that he has a good claim of actual innocence. The Court has
10  already rejected both those arguments.

11  **V.    MISCARRIAGE OF JUSTICE**

12  Petitioner argues that the Court should excuse the untimeliness of the petition
13  because otherwise a miscarriage of justice would occur. This argument duplicates
14  petitioner's argument that he is actually innocent. The Court already has rejected that
15  argument.

16  **Other motions**

17  Petitioner has submitted a motion for appointment of counsel (dkt. no. 7) a
18  motion for leave to conduct discovery (dkt. no. 6), a supplemental motion (dkt. no. 12),
19  and a motion for appointment of an independent medical expert (dkt. no. 13). The Court
20  denies these motions because the Court is dismissing this action.

21  **VI.    CERTIFICATE OF APPEALABILITY**

22  To appeal the denial of a petition for a writ of habeas corpus, Petitioner must
23  obtain a certificate of appealability, after making a "substantial showing of the denial of a
24  constitutional right." 28 U.S.C. §2253(c).

25  > Where a district court has rejected the constitutional claims on the merits,
26  > the showing required to satisfy §2253(c) is straightforward: The petitioner
   > must demonstrate that reasonable jurists would find the district court's
   > assessment of the constitutional claims debatable or wrong. The issue
27  > becomes somewhat more complicated where, as here, the district court
   > dismisses the petition based on procedural grounds. We hold as follows:
28  > When the district court denies a habeas petition on procedural grounds

> without reaching the prisoner's underlying constitutional claim, a COA
> should issue when the prisoner shows, at least, that jurists of reason
> would find it debatable whether the petition states a valid claim of the
> denial of a constitutional right and that jurists of reason would find it
> debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The only procedural ruling that jurists of reason would find debatable or wrong is this Court's determination that petitioner has not made a persuasive claim of actual innocence.  Jurists of reason also might find that petitioner states a valid claim in ground 2, that his counsel provided ineffective assistance in persuading petitioner to plead guilty. Petitioner's four other grounds do not state valid claims of denials of constitutional rights. Ground 1 is a free-standing claim of actual innocence, and the Supreme Court has never held that such a claim is addressable in federal habeas corpus. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  Ground 3 is a claim that the state district court abused its discretion in accepting petitioner's plea when petitioner maintained his innocence. Such a plea does not violate the constitution. *See North Carolina v. Alford*, 400 U.S. 25 (1970).  Grounds 4 and 5 claim that the state district court and the Nevada Supreme Court, respectively, erred in their rulings on petitioner's motion to withdraw his plea. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). Given that there is one ground that possibly states a valid claim, the Court will issue a certificate of appealability on the question of actual innocence.

It is therefore ordered that petitioner's motion for appointment of counsel (dkt. no. 7), motion for leave to conduct discovery (dkt. no. 6), supplemental motion (dkt. no. 12), and motion for appointment of an independent medical expert (dkt. no. 13) are denied.

It is further ordered that this action is dismissed with prejudice as untimely. The Clerk of the Court shall enter judgment accordingly.

///

///

6

1    It is further ordered that a certificate of appealability is granted on the question

2    whether this Court was correct in its ruling that petitioner has not made a showing of

3    actual innocence to excuse operation of the statute of limitations.

4    DATED THIS 30th day of January 2014.

5

6

7                                    MIRANDA M. DU
                                     UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28