UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATTHEW CORZINE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RENEE BAKER, et al.,<br><br>　　　　　　Respondents. | Case No. 3:13-cv-00119-MMD-VPC<br><br>ORDER |

Petitioner has filed a motion for status conference. (ECF No. 40). Respondents do not oppose the motion. (ECF No. 42.) Nonetheless, the Court sees no need for a status conference.

The Court dismissed this action as untimely. Petitioner appealed. The court of appeals appointed counsel to represent petitioner. The court of appeals reversed, stating that this Court should evaluate petitioner's argument for actual innocence in light of the entire state-court record.

Petitioner asks for a status conference to determine what the next steps in this case should be. However, the Court assumes that petitioner's counsel would not want to proceed with the original, *pro se* petition (ECF No. 9).  Of the five grounds for relief, three plainly are without merit.  Ground 1 is either a claim of actual innocence that is not addressable in federal habeas corpus, or, construed liberally, it is a claim of an involuntary or unknowing guilty plea that is redundant to ground 2. Grounds 4 and 5 are claims of error in the state post-conviction proceedings that are not addressable in federal habeas corpus. Counsel might also want to raise other grounds for relief.

Timeliness will be a problem, but that already is known. The Court also assumes that, instead of reviewing petitioner's proper-person arguments for actual innocence in light of the state-court record, counsel will want, at the very least, to restate those arguments. In these circumstances, the Court assumes that counsel will want to file an amended petition for a writ of habeas corpus.

It is therefore ordered that this action is reinstated.

It is further ordered that petitioner's motion for status conference (ECF No. 40) is denied.

It is further ordered that respondents' motion for enlargement of time (first request) (ECF No. 41) is granted *nunc pro tunc*.

It is further ordered that petitioner will have ninety (90) days to file and serve an amended petition for a writ of habeas corpus.

It is further ordered that neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling of the period of limitation during the time period established.

It is further ordered that the hard copy of any additional state court record exhibits shall be forwarded — for this case — to the staff attorneys in Las Vegas.

DATED THIS 8th day of June 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE