UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MATTHEW CORZINE,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:13-cv-00119-MMD-VPC

ORDER

**I. SUMMARY**

Before the Court are the amended petition for a writ of habeas corpus (ECF No. 51), respondents' motion to dismiss (ECF No. 60), petitioner's opposition (ECF No. 61), and respondents' reply (ECF No. 65). The amended petition is untimely, and petitioner has not demonstrated actual innocence to excuse the operation of the statute of limitations.

**II. DISCUSSION**

The timeliness of the amended petition under 28 U.S.C. § 2244(d)(1) is not in dispute. An amended judgment of conviction was entered on August 2, 2007. (Exh. 24 (ECF No. 52-23).) Petitioner did not appeal, and the judgment became final at the end of September 4, 2007, taking into account that the deadline to file a notice of appeal otherwise would have fallen on a weekend and Labor Day. On November 13, 2007, petitioner filed in the state district court a motion to modify his sentence. (Exh. 29 (ECF No. 58).) The state district court denied the motion on December 7, 2007. (Exh. 31 (ECF No. 52-30).) Petitioner did not appeal the denial of the motion. The federal one-year period might have been tolled while the sentence-modification motion was pending, under 28

U.S.C. § 2244(d)(2). However, even with that tolling, petitioner filed no other petitions for post-conviction review in state court in the remaining time allowed under § 2244(d)(1). Petitioner did file two post-conviction habeas corpus petitions and a motion to withdraw his guilty plea in 2010 and 2011, but the federal one-year period already had expired, and no time was left to be tolled. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner presents a claim of actual innocence. Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The following are facts that are known and not disputed. Petitioner was enlisted in the Army. On January 21, 2005, while he was stationed in North Carolina, petitioner called a detective of the Las Vegas Metropolitan Police Department and confessed to sexually assaulting his wife, K.B., in Clark County, Nevada. The same detective called K.B., who had returned to Nevada earlier in January. At first, she confirmed petitioner's account, but she did not want to give a formal statement or to press charges. Later, she changed her mind and did give a formal statement. The Army discharged petitioner on February 25, 2005. Months later, petitioner was charged with six, later five, counts of sexual assault. (Exh. 2 (ECF No. 52-2), Exh. 9 (ECF No. 52-9).) K.B. testified at the preliminary hearing that petitioner had committed acts amounting to sexual assault. (Exh. 7 (ECF No. 52-7).)

Petitioner's argument for actual innocence is that his confession, K.B.'s statement, and K.B.'s testimony all were false, as part of his plan to be discharged from the Army. (1) He called the detective and confessed falsely, hoping that the detective would start the process to arrest him and take him away from the Army. (2) Thinking that corroboration would help, he told K.B. that he had sex with her best friend on the night before their wedding. (3) K.B. then gave a false statement to the detective that petitioner
///

1 had sexually assaulted her. (4) K.B. then gave false testimony in the preliminary hearing
2 that petitioner had sexually assaulted her.

Petitioner's actual-innocence argument is deficient. First, petitioner's contention has a gap. Something is missing between steps 2 and 3, described above. A statement that petitioner was unfaithful to K.B., by itself, would not lead her to make the same false statement of repeated sexual assaults that petitioner himself had made to the detective. What else led to K.B. making exactly the accusation that petitioner needed? In more than ten years, neither petitioner, nor trial counsel, nor current federal habeas corpus counsel has given the necessary explanation or context.

Second, petitioner has given no evidence and has made no argument that K.B. has recanted her accusation. Instead, he argues that K.B.'s testimony was weak and unbelievable. K.B. needed only testify that petitioner committed acts that amounted to sexual assault as defined in NRS §§ 200.364 and 200.366. She did. State law does not require any corroboration to her testimony. Everything else that petitioner argues actually is a matter of credibility, which is for a jury to decide.

Third, the timing is disputed as to when petitioner told K.B. that he was unfaithful and when K.B. told other people that petitioner had sexually assaulted her. Petitioner argues that he falsely confessed on January 21, 2005, and later he told K.B. about his infidelity to get K.B. to accuse petitioner of sexual assault. However, K.B. testified at the preliminary hearing that she had told her parents about the sexual assaults in early January 2005. That was before she had returned to Nevada, before petitioner had spoken to the detective, and before she had learned of petitioner's infidelity. If a jury was to believe K.B.'s timeline, then petitioner's entire argument collapses. Petitioner has given the Court no reason why no juror could believe K.B.'s timeline.

In sum, what petitioner has shown at best is a credibility conflict, which is what a jury would need to decide. If a jury believed him, then they would find him not guilty. If a jury believed K.B., then they would find him guilty. However, even in light of all his arguments, petitioner has not established that it was more likely than not that no

3

reasonable juror would believe K.B.'s testimony and that every reasonable juror would believe his testimony. Petitioner has not demonstrated actual innocence, and the court will dismiss this action as untimely.

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability.

Respondents also argue that some grounds in the amended petition are unexhausted and that some grounds in the amended petition are procedurally defaulted. The Court will not address these arguments because the Court is dismissing the action as untimely.

### III. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 60) is granted in part. This action is dismissed with prejudice because it is untimely.

It is further ordered that the Clerk of the Court enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability is denied.

DATED THIS 20th day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT J0UDGE